IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| **JUDITH ROBERTS,** | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-cv-01729 |
| | ) | |
| v. | ) | |
| | ) | |
| **CHECKR, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, JUDITH ROBERTS, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against CHECKR, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JUDITH ROBERTS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kenosha, County of Kenosha, State of Wisconsin.

1

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. CHECKR, INC., (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third parties, including prospective employers in the state of Wisconsin.

7. Defendant is registered as corporation in the State of California and has its principal place of business located at 1 Montgomery St, San Francisco, CA 94104.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV. ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

14. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's arrest and conviction history as well as their driving record.

2
Case 2:20-cv-01729-SCD   Filed 11/17/20   Page 2 of 9   Document 1

15. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. Prior to August 31, 2020 Plaintiff gained employment at two ride-sharing delivery companies called Postmates and Roadie (hereinafter referred from time to time to as "current employers").

18. In order to gain employment with Postmates and Roadie, Plaintiff was required to, and did, pass an initial background report check.

19. On or about August 31, 2020, Plaintiff applied for a position of employment with other ride-sharing delivery companies, Uber Eats, GrubHub and Door Dash (hereinafter referred to from time to time as "prospective employers").

20. As part of its routine background check on its prospective employees, Uber Eats, GrubHub and Door Dash requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

21. On or about August 31, 2020, Defendant prepared and sold a consumer report to Uber Eats, GrubHub and Door Dash, as well as Plaintiff's current employers, Postmates and Roadie, purportedly regarding the character and general reputation of Plaintiff, and information about her driving record and ability to perform the tasks required for the employment.

22. The aforementioned consumer report contained public record information that indicated that Plaintiff had a poor driving record.

23. Concurrent with the furnishing to Plaintiff's current and prospective employers a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant was under an obligation to provide notice to Plaintiff of the fact that public record information was being reported about Plaintiff, and further provide notice to Plaintiff of the name and address of the person to whom such information was being reported.

24. Despite the furnishing to Plaintiff's current and prospective employers of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to concurrently provide notice to Plaintiff that public record information was being reported about Plaintiff.

25. Despite the furnishing to Plaintiff's current and prospective employers of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to concurrently provide Plaintiff with the name and address of the person to whom such information was being reported.

26. Alternatively, Despite the furnishing to Plaintiff's current and prospective employers of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to maintain strict procedures designed to ensure that the public record information it reported to Plaintiff's current and prospective employers about Plaintiff was current and complete.

27. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

28. The inaccurate information of which Plaintiff complains is apparent reporting that Plaintiff's driver's license contains restrictions and limitations upon it.

29. Plaintiff has had a commercial driver's license for in excess of twenty (20) years and has never had any limitations or restrictions placed on her commercial license or regular driver's license at any time. Plaintiff's driving record is unblemished.

30. Specifically, Plaintiff asserts that Defendant misread, misinterpreted, and otherwise manipulated information that appeared on the Department of Transportation driving record for the State of Wisconsin and created and sold a consumer report to Plaintiff's employers and prospective employers that reflected the appearance of restrictions or limitations upon Plaintiff's driving record.

31. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including Postmates, Roadie, Uber Eats, Door Dash and Grub Hub – all ride-share delivery companies where Plaintiff would be hired to transport food, groceries, or other necessities from a participating store to a consumer's home.

32. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation and ability to perform the tasks of the employment.

33. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

34. As of the result of the inaccurate information reported by Defendant to Postmates and Roadie, Plaintiff's employment was suspended indefinitely.

35. As of the result of the inaccurate information reported by Defendant to Grub Hub, Door Dash, and Uber Eats, Plaintiff was not offered the position of employment.

5

Case 2:20-cv-01729-SCD   Filed 11/17/20   Page 5 of 9   Document 1

36. On September 15, 2020, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

37. Plaintiff received a confirmation number from Defendant relative to his dispute.

38. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendant, Defendant notified the furnisher of the inaccurate information (hereinafter, "the Furnisher") of Plaintiff's dispute and the nature of the dispute.

39. Upon information and belief, within five (5) days of Plaintiff of Plaintiff disputing the inaccurate information with Defendant, the Furnisher received notification from Defendant of Plaintiff's dispute and the nature of the dispute.

40. Upon information and belief, Defendant received the results of the Furnisher's investigation as to Plaintiff's dispute.

41. Upon information and belief, Defendant updated the reporting of the account(s) at issued solely based upon the information it received from the Furnisher in response to Plaintiff's dispute.

42. Notwithstanding Plaintiff's efforts, Defendant has not responded to Plaintiff's disputes and instead has continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

43. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of Plaintiff's dispute(s) as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

44. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained information that was false and misleading.

45. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to Plaintiff's current and prospective employers as stated above, and other unknown third parties.

46. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Temporary loss of employment;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the consumer report.

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

47. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

48. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

   b. willfully and negligently failing to provide, concurrent with the furnishing of a consumer report regarding Plaintiff to a prospective employer that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, notice to the consumer Plaintiff of the fact that public record information was being reported about Plaintiff, and failing to provide notice to Plaintiff of the name and address of the person to whom such information was being reported in violation of 15 U.S.C. §1681k(a)(1).

c. willfully and negligently failing to maintain procedures designed to ensure that the reporting of public record information, which was likely to have an adverse effect on a Plaintiff's ability to obtain employment, was current and complete, in violation of 15 U.S.C. §1681k(a)(2).

d. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

e. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

f. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

g. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

49. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V. JURY DEMAND

50. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUDITH ROBERTS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

                                              Respectfully submitted,
                                              **JUDITH ROBERTS**

                                  By:    s/ David M. Marco
                                            Attorney for Plaintiff

<u>Dated: November 17, 2020</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:    dmarco@smithmarco.com